IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAROLD LOYD JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-04-1407-C |
| ) | |
| G.E.O./LAWTON CORRECTIONAL ) | |
| FACILITY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This 42 U.S.C. § 1983 action brought by a prisoner proceeding pro se, was referred to United States Magistrate Judge Doyle W. Argo, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Argo entered a Report and Recommendation (R&R) on May 24, 2005, to which Plaintiff has timely objected. The Court therefore considers the matter de novo.

In the R&R, Judge Argo recommends dismissal of Plaintiff's Amended Complaint for failure to exhaust administrative remedies related to the claim of denial of access to the law library. Plaintiff objects, arguing it was never his intent to pursue such a claim. The plain language of Plaintiff's Amended Complaint is to the contrary. In part B. 1. - "The nature of the case" - Plaintiff states: "nor am I allowed physical access to law library since Im [sic] on protective custody." (Amd. Complaint. Dkt. No. 6, p. 2.) Even more compelling is Plaintiff's statement in section E. entitled Request for Relief. There Plaintiff states: "Also

to be able to physically be able to go to the Law Library and use it . . . ." (Id. at 5.). Despite his current protests to the contrary, it is clear the Plaintiff has made a claim for access to the law library. It is also clear the Plaintiff has failed to exhaust his administrative remedies related to that request. Thus, Plaintiff's complaint includes unexhausted claims and must be dismissed. Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004) ("We agree that the PLRA contains a total exhaustion requirement, and hold that the presence of unexhausted claims in Ross' complaint required the district court to dismiss his action in its entirety without prejudice.").

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and, for the reasons announced therein, Plaintiff's 42 U.S.C. § 1983 claim will be DISMISSED, without prejudice, for failure to exhaust administrative remedies, unless Plaintiff elects to amend the complaint to delete any reference to the unexhausted claim. Failing receipt of such an amended complaint on or before July 20, 2005, this action will be dismissed, without prejudice.

IT IS SO ORDERED this 28th day of June, 2005.

ROBIN J. CAUTHRON
United States District Judge