IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAROLD LOYD JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-04-1407-C |
| | ) |
| G.E.O./LAWTON CORRECTIONAL | ) |
| FACILITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 action brought by a prisoner proceeding pro se, was referred to United States Magistrate Judge Doyle W. Argo, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Argo entered a Report and Recommendation (R&R) on September 7, 2005, to which Plaintiff has timely objected. The Court therefore considers the matter de novo.

In the R&R, Judge Argo recommends that Defendants' Motions to Dismiss/Motions for Summary Judgment be granted and that Plaintiff's Motion for Appointment of Counsel be denied. Judge Argo determined that Plaintiff's claims against Defendant Guilfoyle failed to establish any personal participation by that Defendant in the wrongs alleged by the Amended Complaint. In his Objection, Plaintiff argues that Ms. Guilfoyle reviewed and signed the grievance and that is evidence of her personal participation. Plaintiff's argument misses the point. The personal participation required to hold a person accountable in a § 1983 action is personal participation in the alleged constitutional violation. See Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997) ("To establish a supervisor's liability under

§ 1983 Green must show that 'an "affirmative link" exists between the [constitutional] deprivation and either the supervisor's "personal participation, his exercise of control or direction, or his failure to supervise."'") (quoting Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988), quoting Specht v. Jensen, 832 F.2d 1516, 1524 (10th Cir. 1987)).  Here, Plaintiff has alleged no facts demonstrating Defendant Guilfoyle personally participated in prohibiting him from keeping more than one cubic foot of legal materials in his cell.

To the extent Plaintiff complains about Defendant Guilfoyle's participation in processing the grievance, he fails to state a claim for relief.  As Judge Argo noted, there is no constitutional interest in the processing of a grievance.  See Murray v. Albany County Bd. of County Comm'rs, Case No. 99-8025, 2000 WL 472842, **2 (10th Cir. Apr. 20, 2000) ("prison grievance procedures do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'") (quoting Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)).*  Thus, Plaintiff has failed to demonstrate the existence of the required "affirmative link" between Defendant Guilfoyle and the storage limitation or any other basis indicating a valid constitutional claim against her. Accordingly, Defendant's claims against Defendant Guilfoyle must be dismissed for failure to state a claim.

Judge Argo also recommended the remaining Defendants be granted summary judgment, as Plaintiff had failed to demonstrate any violation in the storage limitations

---

* Although Murray is an unpublished opinion and therefore not precedential, the Court's finds its reasoning persuasive.

imposed on Plaintiff's legal material or any acts of retaliation by Defendants. In response, Plaintiff cites a number of authorities in support of his argument that a prisoner has a constitutional right to access to pertinent legal material. It is undeniable that the Constitution provides prisoners with the right to access to the legal system. It is also true that as part of that right of access to the Court, Plaintiff has the right to access to relevant legal materials. However, Plaintiff has not offered any authority which requires allowing prisoners to store those materials in their cell. Indeed, as Plaintiff notes, the Tenth Circuit has upheld an in-cell storage limitation when that restriction was shown to be "reasonable and necessary for orderly maintenance of the facility and proper security." Green v. Johnson, 977 F.2d 1383, 1390 (10th Cir. 1992). Here, Plaintiff has offered no evidence demonstrating the storage limitation was not reasonable and necessary. Thus, he cannot show the restriction impermissibly infringed on his rights. See Schlicher v. Smith, Case No. 94-3336, 1995 WL 221492, **1 (10th Cir. Apr. 13, 1995) ("prisoners' right of access to the courts--like other constitutional rights of prisoners--may be limited by reasonable restrictions which further legitimate penological concerns.") (citing Turner v. Safley, 482 U.S. 78, 87-91 (1987); Bell v. Wolfish, 441 U.S. 520, 546-47 (1979)). Further, as Judge Argo noted, Plaintiff has failed to demonstrate how the storage limitation has impacted his ability to seek redress from the Courts. Indeed, Plaintiff's filings in this case belie such a concern. Although Plaintiff argues that he needs additional materials to properly pursue his post-conviction relief claims in state court, he fails to explain why moving some of his current materials into storage at the prison or with a family member is not a viable alternative. Indeed, there is no evidence Plaintiff has

pursued the additional storage options outlined in the D.O.C. policy; thus he has failed to demonstrate the limitations have impermissibly hampered his access to the courts. Accordingly, Defendants are entitled to judgment on Plaintiff's claims on this issue.

Judge Argo recommended Defendants be granted judgment on Plaintiff's retaliation claim, noting Plaintiff had failed to demonstrate any causal connection between the alleged acts of retaliation and his exercise of his constitutional rights. Nothing in Plaintiff's objection remedies that shortcoming. Therefore, Defendants are entitled to judgment on Plaintiff's retaliation claim.

The Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, for the reasons announced therein, as well as those outlined in this Order. As set forth more fully herein, Plaintiff has failed to state a claim for relief against Defendant Guilfoyle; accordingly, the Motion to Dismiss of Defendant Guilfoyle (Dkt. No. 36) is GRANTED. The undisputed material facts bar Plaintiff's 42 U.S.C. § 1983 claim and, therefore, the Motion for Summary Judgment of Defendants GEO, Lawton Correctional Facility, Warden Miller, Mr. Gibson, and Mr. Barnard (Dkt. No. 35) is GRANTED. A separate judgment will issue.

IT IS SO ORDERED this 24th day of October, 2005.

_____
ROBIN J. CAUTHRON
United States District Judge